# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 12-99V
(Not to be Published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

KATIE ROBERTS, as Parent and Guardian of her Daughter, E.M.R.,

       Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

       Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Filed: January 16, 2015

Special Master Corcoran

Motion for Decision on the Record; Insufficient Proof of Causation; Denial of Entitlement

<u>Diana Sedar</u>, Maglio Christopher & Toale, Sarasota, FL, for Petitioner

<u>Justine Daigneult</u>, U.S. Department of Justice, Washington, DC, for Respondent

## DECISION DISMISSING CASE FOR INSUFFICIENT PROOF[1]

On February 12, 2012, Katie Roberts, on behalf of her minor child, EMR, filed a petition in the National Vaccine Injury Compensation Program[2] alleging that EMR developed Chronic

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." (Vaccine Rule 18(b)). Otherwise, the whole decision will be available to the public. (Id.)

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. § 300aa-10-§ 300aa-34 (West 1991 & Supp. 2002). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

Inflammatory Demyelinating Polyneuropathy ("CIDP") months after receiving the Measles-Mumps-Rubella vaccination ("MMR") on February 11, 2009. *See* Petition at 1 (ECF No. 1).

After gathering and then filing the relevant medical records, Petitioner filed a Statement of Completion on January 25, 2013. (ECF No. 27). Respondent subsequently identified additional records she believed were relevant to the claim and necessary to gauge its sufficiency prompting Petitioner to file such materials along with a second Statement of Completion on June 6, 2014. (ECF No. 48).

Respondent filed her Rule 4(c) Report on August 8, 2014. (ECF No. 50). In it, she asserted that an award of compensation was not appropriate in this matter. Among other things, Respondent contended that (a) there was minimal, scientifically-unreliable evidence in EMR's treatment history linking her vaccination to her CIDP, (b) Petitioner could not show a medically-acceptable timeframe between onset of CIDP and vaccination, since the record contained a variety of evidence of symptoms running from the time before vaccination to eight or nine months after, and (c) Petitioner lacked sufficient evidence establishing a theory for how the MMR vaccine could cause CIDP. ECF No. 50 at 19-20.

After the filing of the Rule 4 Report, the parties participated in a status conference on September 17, 2014, at which time a deadline of November 26, 2014 was set for the filing of Petitioner's expert report. (ECF No. 51). Petitioner subsequently requested an extension of that deadline to December 26, 2014 (ECF No. 52) which I permitted. Instead of filing an expert report, however, Ms. Roberts filed a motion on December 12, 2014 (ECF No. 53) seeking a decision on the record under Vaccine Rule 8(d). Respondent filed a pleading in response (ECF No. 54). Petitioner did not file a reply, and the matter is now ripe for resolution.

To receive compensation under the Program, Ms. Roberts must prove either 1) that EMR suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or 2) that she suffered an injury that was actually caused by a vaccine. *See* §§13(a)(1)(A) and 11(c)(1). An examination of the record, however, did not uncover any evidence that EMR suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence supporting the conclusion that EMR's alleged injuries were vaccine-caused. Petitioner has in particular failed to offer expert or other scientific or medical testimony that the MMR vaccine could cause CIDP. And the record evidence does not support the conclusion that the onset of EMR's CIDP symptoms occurred in a medically-acceptable timeframe after she received the MMR vaccine.

Under the Vaccine Act, a petitioner may not be given a Program award based solely on his claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. §13(a)(1). In this case, there is insufficient evidence in the

record for Ms. Roberts to meet her burden of proof. Petitioner's claim therefore cannot succeed and must be dismissed. §11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**


**IT IS SO ORDERED.**

/s/ Brian H. Corcoran<br>Brian H. Corcoran<br>Special Master